# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-1450V**
**Filed: April 19, 2016**
UNPUBLISHED

| | |
|---|---|
| JAMIE EDWARDSON, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Damages Decision Based on Proffer; Influenza Vaccine ("Flu Vaccine"); Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |

*Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.*
*Camille Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 1, 2015, Jamie Edwardson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered "a severe injury to her shoulder injury after receiving an influenza vaccination on October 13, 2014." Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 25, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation. On April 18, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $75,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $75,000.00 in the form of a check payable to petitioner, Jamie Edwardson.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JAMIE EDWARDSON,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 15-1450V<br>Chief Special Master Nora Beth Dorsey<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

## I. Compensation for Vaccine Injury-Related Items

For purposes of this Proffer, the term "vaccine-related" is described in Respondent's Rule 4(c) Report, filed on March 24, 2016, conceding entitlement in this case. Respondent proffers that, based on the evidence of record, petitioner should be awarded $75,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

A. A lump sum payment of $75,000.00, in the form of a check payable to petitioner, Jamie Edwardson. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/Camille M. Collett
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-4098

DATE: April 18, 2016